UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALFRED HUGER,

                        Plaintiff,

               -against-

THE CITY OF NEW YORK, P.O. PAUL BLISS, Shield
No. 11362, and P.O.s  JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff ALFRED HUGER, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff ALFRED HUGER is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. PAUL BLISS, Shield No. 11362 and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On March 28, 2003, at approximately 10:00 a.m., plaintiff ALFRED HUGER was operating a vehicle on E. 127th Street near Second Avenue, in the County, City and State of New York.

14. At the aforesaid time and place, plaintiff ALFRED HUGER was pulled over by defendants P.O. PAUL BLISS, Shield No. 11362 and an unidentified member of the New York City Police Department.

15. Plaintiff ALFRED HUGER produced his license and registration.

16. Plaintiff ALFRED HUGER also produced a badge identifying him as a member of the New York City Bicycle Patrol.

17. Defendants nonetheless handcuffed plaintiff ALFRED HUGER and placed him under arrest for criminal impersonation and possession of a forged instrument, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants then transported plaintiff ALFRED HUGER to the 25th Precinct of the New York City Police Department, in Manhattan, New York, where he was detained and held in police custody for approximately six hours.

19. From the 25th Precinct, plaintiff ALFRED HUGER was transported to another precinct and from there to Manhattan Central Booking, where he was held until he was arraigned and released on his own recognizance at approximately 10:00 a.m. on March 28, 2003.

20. Plaintiff ALFRED HUGER was held and detained in police custody for approximately twenty-four hours.

21. Defendants initiated criminal proceedings against plaintiff ALFRED HUGER, despite defendants' knowledge that they lacked probable cause to do so.

22. During the period between March 28, 2003 and September 9, 2003, plaintiff ALFRED HUGER was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

23. On or about September 9, 2003, all charges against plaintiff ALFRED HUGER were dismissed.

24. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff ALFRED HUGER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiff ALFRED HUGER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants misrepresented and falsified evidence before the District Attorney.

36. Defendants did not make a complete and full statement of facts to the District Attorney.

37. Defendants withheld exculpatory evidence from the District Attorney.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ALFRED HUGER.

39. Defendants lacked probable cause to initiate criminal proceedings against plaintiff ALFRED HUGER.

40. Defendants acted with malice in initiating criminal proceedings against plaintiff ALFRED HUGER.

41. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ALFRED HUGER.

42. Defendants lacked probable cause to continue criminal proceedings against plaintiff ALFRED HUGER.

43. Defendants acted with malice in continuing criminal proceedings against plaintiff ALFRED HUGER.

44. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ALFRED HUGER's favor on or about September 9, 2003, when all charges against plaintiff were dismissed.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

46.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

47.  Defendants issued legal process to place plaintiff ALFRED HUGER under arrest.

48.  Defendants arrested plaintiff ALFRED HUGER in order to obtain a collateral objective outside the legitimate ends of the legal process.

49.  Defendants acted with intent to do harm to plaintiff ALFRED HUGER without excuse or justification.

50.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

51.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.  The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, making pretextual arrests of African-American motorists.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALFRED HUGER.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff ALFRED HUGER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon him; and

    F. To receive equal protection under the law.

59.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ALFRED HUGER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           June 11, 2004

S/_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355